UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN W. FINK,<br>        Plaintiff,<br><br>v.<br><br>JONATHAN L. BISHOP, KAYDON A.<br>STANZIONE, JOSEPH M. TROUPE,<br>GE BETZ, INC., STEVEN W.<br>DAVIS, PRAXIS TECHNOLOGIES<br>CORPORATION, PRAXIS<br>TECHNOLOGIES, INC., ADT<br>SECURITY SERVICES, INC.,<br>        Defendants. | Civil No. 13-3370 (NLH)(KMW)<br><br>**MEMORANDUM<br>OPINION & ORDER TO SHOW CAUSE** |

**HILLMAN, District Judge**

Presently pending before the Court is Plaintiff's cross motion [Doc. No. 16] to amend for leave to file the proposed second amended complaint [Doc. No. 16-1] in this action; and

The Court noting that only Defendants GE Betz, Inc. and Steven Davis and ADT Security Services, Inc. filed specific oppositions [Doc. Nos. 31, 33] to Plaintiff's cross motion to amend addressing the contents of the proposed second amended complaint; and

The Court having undertaken a paragraph by paragraph review of the proposed second amended complaint and the original complaint [Doc. No. 1] and the first amended complaint [Doc. No. 4],[1] and noting that paragraphs 1 through 112 of the proposed

---

[1]   The first amended complaint was filed to correct Plaintiff's jurisdictional pleading deficiencies and did not

second amended complaint are virtually identical to paragraphs 1 through 104 of the original complaint; and

The Court further noting that all of the claims set forth in the proposed second amended complaint stem from Plaintiff's assertion that Defendants participated in the "conversion of assets from" non-party Advanced Logic Systems, Inc. ("ALSI"),[2] in which Plaintiff maintains a security interest, subsequently concealed this conversion of assets, defrauded Plaintiff of his rights to these assets, and caused Plaintiff to suffer in excess of $75 million in damages, (see Proposed Second Amended Compl. [Doc. No. 16-1] ¶ 1); and

The Court noting that Plaintiff is a familiar litigant to this Court having filed multiple suits in addition to the present action including 1:09-cv-05078-NLH-KMW, Fink v. Edgelink, Inc., et al.; 1:12-cv-04125-NLH-KMW, Fink v. Kirchner, et al.; and 1:12-cv-04479, In Re Advanced Logic Systems, Inc., a bankruptcy appeal; and

The Court observing that in both the Edgelink matter and the ALSI bankruptcy appeal, Fink's primary contention was that valuable technology and assets of ALSI were fraudulently

---

significantly alter any substantive allegations set forth in the original complaint.
[2]   Advanced Logic Systems, Inc. is now a defunct corporation.

transferred out of that company and converted to the detriment of Plaintiff's security interest in those assets; and

The Court having previously determined in both the Edgelink matter and the ALSI bankruptcy appeal that Fink provided no evidence that these ALSI assets he maintained a security interest in were fraudulently transferred or converted, and the Court of Appeals for the Third Circuit having affirmed this Court's rulings in both the Edgelink matter and the ALSI bankruptcy appeal by Opinion dated January 21, 2014; and

The Court finding that in light of Plaintiff's representation that the claims in the present matter primarily arise out of his continuing belief that ALSI assets were fraudulently transferred and converted by various individuals and business entities – a belief which this Court has repeatedly found lacks sufficient evidence, it is necessary to conduct a show cause hearing in this matter requiring Plaintiff to demonstrate how the claims asserted in any iteration of the complaint in this action: (1) are not otherwise barred by issue preclusion, claim preclusion, or New Jersey's entire controversy doctrine; and (2) are not in violation of Federal Rule of Civil Procedure 11(b)(1) and 11(b)(3);[3] and

---

[3]    Pursuant to Federal Rule of Civil Procedure 11(c)(3) the

The Court further finding that while leave to amend should be freely given when justice so requires pursuant to Federal Rule of Civil Procedure 15, leave cannot be granted until these issues are resolved.

Accordingly,

IT IS on this   30th   day of    June   , 2014

**ORDERED** that Plaintiff's cross motion to amend [Doc. No. 16] shall be, and hereby is, **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff is directed to appear before this Court at 3:00 p.m. on Monday, July 21, 2014 in Courtroom 3A of the Mitchell H. Cohen United States Courthouse, 400 Cooper Street, Camden, New Jersey, 08102 and show cause why the instant matter should be permitted to proceed as set forth more fully

---

Court may, on its own initiative "order ... [a] party to show cause why conduct specifically described in the order has not violated Rule 11(b)." FED. R. CIV. P. 11(c)(3).  Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; ... [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(1), (b)(3).

above; and it is further

    **ORDERED** that Defendants are required to attend the Show Cause Hearing on July 21, 2014 and should similarly be prepared to address these issues before the Court.

|  |  |
|---|---|
| At Camden, New Jersey |  s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |