```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

```
JOHN W. FINK,
     Plaintiff,
                                  Civil No. 13-3370 (NLH)(KMW)
v.
                                  MEMORANDUM
JONATHAN L. BISHOP, KAYDON A.     OPINION & ORDER
STANZIONE, JOSEPH M. TROUPE,
GE BETZ, INC., STEVEN W.
DAVIS, PRAXIS TECHNOLOGIES
CORPORATION, PRAXIS
TECHNOLOGIES, INC., ADT
SECURITY SERVICES, INC.,
     Defendants.
```

**HILLMAN, District Judge**

WHEREAS, this Court having issued an Order to Show Cause [Doc. No. 48] as to why the instant matter should be permitted to proceed; and

The Court having noted that:

(1) After undertaking a paragraph by paragraph review of the proposed second amended complaint and the original complaint [Doc. No. 1] and the first amended complaint [Doc. No. 4], paragraphs 1 through 112 of the proposed second amended complaint are virtually identical to paragraphs 1 through 104 of the original complaint; and

(2) All of the claims set forth in the proposed second amended complaint stem from Plaintiff's assertion that Defendants participated in the "conversion of assets from" non-

party Advanced Logic Systems, Inc. ("ALSI"),[1] in which Plaintiff maintains a security interest, subsequently concealed this conversion of assets, defrauded Plaintiff of his rights to these assets, and caused Plaintiff to suffer in excess of $75 million in damages, (see Proposed Second Amended Compl. [Doc. No. 16-1] ¶ 1); and

(3) Plaintiff is a familiar litigant to this Court having filed multiple suits in addition to the present action including 1:09-cv-05078-NLH-KMW, Fink v. Edgelink, Inc., et al.; 1:12-cv-04125-NLH-KMW, Fink v. Kirchner, et al.; and 1:12-cv-04479, In Re Advanced Logic Systems, Inc., a bankruptcy appeal; and

(4) In both the Edgelink matter and the ALSI bankruptcy appeal, Fink's primary contention was that valuable technology and assets of ALSI were fraudulently transferred out of that company and converted to the detriment of Plaintiff's security interest in those assets; and

(5) The Court already determined in both the Edgelink matter and the ALSI bankruptcy appeal that Fink provided no evidence that these ALSI assets he maintained a security interest in were fraudulently transferred or converted, and the Court of Appeals for the Third Circuit affirmed this Court's

---

[1]   Advanced Logic Systems, Inc. is now a defunct corporation.

2

rulings in both the Edgelink matter and the ALSI bankruptcy appeal by Opinion dated January 21, 2014; and

(6) In light of Plaintiff's representation that the claims in the present matter primarily arise out of his continuing belief that ALSI assets were fraudulently transferred and converted by various individuals and business entities – a belief which this Court has repeatedly found lacks sufficient evidence, it is necessary to conduct a show cause hearing in this matter requiring Plaintiff to demonstrate how the claims asserted in any iteration of the complaint in this action: (1) are not otherwise barred by issue preclusion, claim preclusion, or New Jersey's entire controversy doctrine; and (2) are not in violation of Federal Rule of Civil Procedure 11(b)(1) and 11(b)(3); and

The Court having held a hearing, at which time Plaintiff argued his position that his fraudulent concealment and other related claims should be permitted to proceed because his current case is based on new evidence discovered after the conclusion of the prior matters; and

Plaintiff arguing to the Court that because in 2007 ALSI did not record in its ledger a purchase order check for $1050.00, there must be a hidden back account, which would

3

demonstrate the fraudulent actions perpetrated by ALSI and the defendants in this case; and

The Court having permitted Plaintiff to file a supplemental brief to further articulate his position, and Plaintiff having done so; but

The Court finding, as the Court similarly stated on the record at the hearing, that Plaintiff's self-described "crumb" that may lead to unravel the conspiracy that defrauded him out of $58 million is insufficient to meet the heightened pleading standard of Rule 9(b), or the Twombly/Iqbal pleading standard, which requires more than speculation that discovery will lead to evidence to support a claim, see Fed. R. Civ. P. 9(b) (mandating that "a party must state with particularity the circumstances constituting fraud or mistake"); Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004) (explaining that the circumstances of the fraud must be stated with sufficient particularity to put a defendant on notice of the "precise misconduct with which [it is] charged"); Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This

4

'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"); and

Moreover, the Court further finding that this "new" evidence is not qualitatively different or significant enough to permit the re-litigation of Plaintiff's claims and issues that have been extensively litigated in prior actions, see, e.g., Anspach v. City of Philadelphia, 380 F. App'x 180, 185 (3d Cir. 2010) (explaining that in the prior action, the plaintiffs failed to demonstrate a due process violation because "the conduct complained of was devoid of any form of constraint or compulsion," and finding that in the current action, the plaintiffs did not show how a newly discovered false statement by a nurse significantly changed the controlling facts, or otherwise established constraint or compulsion by the State sufficient to bar the application of collateral estoppel); Haefner v. North Cornwall Twp., 40 F. App'x 656, 658 (3d Cir. 2002) (explaining that claim preclusion applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence, but finding that the

5

plaintiff's bald and unsupported allegations of fraudulent concealment to avail himself of the application of the exception to the claim preclusion doctrine were not persuasive); see also Burlington Northern R. Co. v. Hyundai Merchant Marine Co., Ltd., 63 F.3d 1227, 1231-32 (3d Cir. 1995) ("The prerequisites for the application of issue preclusion are satisfied when: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." (citation omitted)); Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1070 (3d Cir. 1990) (claim preclusion, otherwise known as res judicata, prohibits reexamination not only of matters actually decided in prior case, but also those that parties might have, but did not, assert in that action), cited in Haefner, 40 F. App'x at 658 (stating that new legal theories do not make a second case different for purposes of claim preclusion); and

The Court therefore finding that Plaintiff's current complaint and proposed second amended complaint are not maintainable, see Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (holding that amendment of the complaint is futile if the amendment will not cure the

6

deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss);

Accordingly, for the reasons expressed on the record and herein,

IT IS on this   16th   day of    June   , 2015

ORDERED that Plaintiff's cross motion to amend [Doc. No. 16] shall be, and hereby is, DENIED; and it is further

ORDERED that Plaintiff's complaint shall be, and hereby is, DISMISSED WITH PREJUDICE; and it is further

ORDERED that the Clerk of the Court shall mark this matter as CLOSED.


At Camden, New Jersey            s/ Noel L. Hillman
                                 NOEL L. HILLMAN, U.S.D.J.